UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUCKUS WIRELESS, INC.,

    Plaintiff,

    v.

NETGEAR, INC., et al.,

    Defendants.

_____/

No. C 09-5271 PJH

**ORDER GRANTING MOTION TO STAY AND VACATING HEARING DATE**

Before this court is defendants' motion to stay the instant action. The instant action was deemed related to an earlier filed case, Ruckus Wireless v. Netgear, Inc., C 08-2310 PJH ("Ruckus I"), which involves litigation between the same parties in connection with U.S. Patent No. 7,193,562 (the "'562 patent"). In the present action, defendants Netgear, Inc., and Rayspan Corporation ("defendants") seek to stay the action on grounds that the underlying patent in this case, 7,525,486 (the "'486 patent"), is closely related to the '562 patent, which is the subject of pending inter partes reexamination proceedings before the PTO and Patent Board of Appeals and Interferences ("PBAI"). Plaintiff Ruckus Wireless ("plaintiff") opposes defendants' request. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to stay, for the following reasons:[1]

---

[1] This court finds the motion appropriate for decision without further oral argument, as permitted by Civil L.R. 7-1(b) and Fed. R. Civ. P. 78. See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991) (holding that the court's consideration of the moving and opposition papers is deemed an adequate substitute for a formal hearing), cert. denied, 503 U.S. 920 (1992). Accordingly, the March 31, 2010 hearing date is VACATED.

First, the court finds the '486 patent at issue here sufficiently related to the '562 patent that a stay is justified. The former is a continuation of the latter patent, and both patents are directed to similar technology, and contain identical specifications and claim language that, while not identical, is similar. Furthermore, the accused products that purportedly infringe the '486 patent are identical to those alleged in Ruckus I. Under these circumstances, the court finds that there is, at a minimum, a real possibility that final, binding results of the reexamination proceedings at issue in connection with the '562 patent would have an effect on issues before the court relating to the '486 patent, and in particular, claim construction. To be sure, plaintiff has duly noted its studious avoidance throughout the reexamination proceedings of any estoppel-creating opportunities for defendants' use at a future time, as well as the facts that the '486 patent issued over the prior art cited during reexamination of the '562 patent, and that defendants appear to have been unsuccessful at every stage of the inter partes reexamination proceedings thus far. Notwithstanding these points, however, plaintiff cannot change the fact that the pending reexamination process is not yet complete. As such, there remains the possibility – however dwindling such possibility might be – that the result of the appeals process might lead to an ultimate narrowing or invalidating of claims. And were this to happen, there is a substantial possibility that such results might, in fact, have a real impact on the court's analysis here in this litigation.

Moreover, as the court has stated on earlier unrelated occasions, the above concerns dovetail with the court's desire to best serve the interests of judicial economy. Because of the time intensive nature of the litigation involved with respect to patent infringement actions, both the instant action based on the '486 patent, and the related action based on the '562 patent, should be heard together – particularly in view of the overlapping allegations and related subject matter raised in the actions. From this perspective, a stay of the instant action, in view of the stay already imposed in the related action, is appropriate. A stay here also ameliorates the court's concerns over the

2

duplicative litigation that could result from allowing the present action to go forward before the earlier filed but closely related litigation.

Accordingly, defendants' motion to stay the present action is GRANTED, pending completion of both the inter partes reexamination proceedings related to the '562 patent. The parties are instructed, as in the related action, to submit status reports to the court every 6 months, apprising the court of the status of the pending reexamination proceedings. Upon final exhaustion of all pending reexamination proceedings including any appeals, the parties shall jointly submit to the court, within one week, a letter indicating that all appeals have been exhausted, and requesting a further case management conference as soon as possible.

**IT IS SO ORDERED.**

Dated: March 25, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge